UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN DOUGLAS DONAHOE,

    Plaintiff,

v.

STATE OF WASHINGTON, et al.,

    Defendants.

CASE NO. C13-5514 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

  This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 4), and Plaintiff Kevin Douglas Donahoe's ("Donaheo") objections to the R&R (Dkt. 5).

## I. PROCEDURAL & FACTUAL BACKGROUND

  On June 25, 2013, Donahoe filed a motion to proceed *in forma pauperis* (Dkt. 1) and a proposed prisoner civil rights complaint pursuant to 28 U.S.C. § 1983 (Dkt. 1-1). In his complaint, Donahoe names as Defendants the State of Washington and Thurston County and alleges he was improperly held for a number of years. Dkt. 1-1. Plaintiff enumerates the relief he seeks from the Court as follows:

>    1. Grant his interstate compact in Washington State,
>    2. Grant an injunction against extradition to Pennsylvania,
>    3. Dismiss or vacate his remaining sentence,
>    4. Dismiss or vacate his probation,
>    5. Vacate a superior court case and fines,
>    6. Vacate his family court case and set aside a no contact order,
>    7. Damages in the sum of one million five hundred thousand dollars,
>    8. Punitive damages in the sum of thirty million dollars,
>    9. Order the federal government to create an integrated automated issue management system.

Dkt. 1-1 at 4.

On July 1, 2013, Judge Creatura issued an R&R recommending that Donahoe's application to proceed *in forma pauperis* be denied and his case be dismissed without prejudice because Donahoe seeks to challenge the propriety of his state convictions that have not been overturned. Dkt. 4 at 2. As Judge Creatura has found, Donahoe cannot obtain the relief he is seeking through a civil rights action but rather through habeas corpus proceedings. *Id.* Additionally, Judge Creatura properly noted that Donahoe has a pending habeas corpus petition in which he is challenging the propriety of his state conviction for violating a no contact order. *Id.* (*citing* 3:13-cv-5513RJB/KLS). Further, Donahoe seeks intervention in ongoing state court matters, in which Judge Creatura properly recommended the Court decline to intervene under the *Younger* absention doctrine. Dkt. 4 at 3 (*citing Younger v. Harris*, 401 U.S. 37 (1971)). Donahoe may raise his claim before the state court. Finally, Judge Creatura also properly determined that, due to Eleventh Amendment immunity, the Court lacks *in personam* jurisdiction over Defendant State of Washington, from which Donahoe seeks monetary damages. *Id.* at 3-4.

ORDER - 2

On July 16, 2013, Donahoe filed objections to the R&R, none of which fundamentally challenge Judge Creatura's substantive legal analysis, but rather challenge the procedure he took in denying Donahoe's motion and dismissing his case. Dkt. 5.

## II. DISCUSSION

Donahoe states multiple grounds on which he objects to Judge Creatura's R&R, each of which is meritless. Dkt. 5. Each objection reflects a misunderstanding of the R&R itself, the law, and the rules governing R&Rs.

**1. Standard for Review**

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

**2. Standards for Assessing Motion to Proceed in Forma Pauperis and Dismissal**

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). Moreover, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

A federal court may dismiss *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the Plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307–308 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

**3.  Objections**

Donahoe's objections to the R&R are premised in part on his contentions that Judge Creatura engaged in criminal conduct by (1) "appearing for [him] as his attorney"; (2) "appearing for the defendants as their attorney rather than simply wait for them to appear and 'maybe' file a summary judgment motion"; (3) not following the rules for formal notification and appearance by the parties; (4) denying him the right to a jury trial due to discrimination on the basis that Donahoe is a "heterosexual previously married" individual and not homosexual person. Dkt. 5 at 3.

Judge Creatura did not appear as an attorney in this case, either actually or functionally. The Court takes judicial notice that Richard Creatura is a United States Magistrate Judge, who acted in his role as impartial adjudicator. That is the capacity in which he acted in ruling on Donahoe's motion to proceed *in forma pauperis*. Dkt. 4. With his motion to proceed *in forma pauperis*, Donahoe attached his proposed complaint.

Dkt.1 -1. After a review of Donahoe's proposed complaint, Judge Creatura properly determined that the Court could not grant Donahoe the relief he sought in a § 1983 action. The Court agrees. Accordingly, he denied Donahoe's motion and dismissed his case without prejudice.

Judge Creatura's decision was proper under federal law, as the law permits the trial court to dismiss a claim *sua sponta*, meaning on its own motion, rather than waiting for a motion to dismiss or a summary judgment motion by the Defendants. *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief"). Judge Creatura's denial of a motion to proceed *informa pauperis* is not only legal but also has the practical effect of putting a plaintiff on notice that his complaint is defective. As a result, the plaintiff does not proceed with an action which he cannot possibly win but for which he is required to pay the filing fee. *See* 28 U.S.C. § 1915 (requiring the plaintiff whose motion to proceed *in forma pauperis* is granted to pay in full the $350.00 filing fee on an incremental basis). Judge Creatura engaged in no criminal conduct by ruling on Donahoe's motion or dismissing his case, and there is absolutely no basis in the record to support Donahoe's claim that his decision was discriminatory.

The majority of Donahoe's other bases for objecting to Judge Creatura's decision stem from his misunderstanding of the law as set forth above and are thus without merit. Donahoe claims that Judge Creatura did not follow the rules for service or filing of formal appearance; withheld evidence by precluding discovery; and denied him the right

to a trial. Because the Court has found proper Judge Creatura's decision to deny Donahoe's motion to proceed *in forma pauperis* and dismiss his case, it follows that all of the aforementioned pre-trial requirements need not be met.

Finally, Donahoe claims that he had insufficient time to respond to Judge Creatura's R&R because he did not receive the requisite 30 days for filing his objections. Dkt. 5 at 6. As Judge Creatura properly noted, Donahoe was required to file his objection within 14 days from service of the R&R. Dkt. 4 at 4 (*citing* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)).

### III.  ORDER

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1)  The R&R is **ADOPTED**; and

(2)  This action is **DISMISSED without prejudice**.

Dated this 20th day of August, 2013.

BENJAMIN H. SETTLE
United States District Judge